■ In the Matter of the Arbitration between COUNTRY-WIDE INSURANCE COMPANY, Appellant, and MARIA ZANFARDINO, Respondent. GOVERNMENT EMPLOYEES INSURANCE COMPANY, Respondent.—Order, Supreme Court, New York County, entered February 26, 1976, insofar as it summarily determines that respondent Zanfardino was involved in an accident with an uninsured vehicle, unanimously reversed, on the law, and such issue remanded for trial. Appellant shall recover of respondent GEICO $40 costs and disbursements of this appeal. Respondent Zanfardino claims she was injured when struck by an automobile driven by one Peter Lopez. Lopez had been insured by corespondent Government Employees Insurance Company ("GEICO"), but GEICO contends, and Special Term found, that Lopez's policy was canceled for nonpayment some six months prior to the accident. Acting on information supplied ex parte by GEICO, the Motor Vehicle Bureau revoked Lopez's driver's license and registration. Examination of GEICO's cancellation notice contained in the record before us discloses that it fails to comply with section 313 of the Vehicle and Traffic Law, since it does not include "a statement that proof of financial security is required to be maintained continuously throughout the registration period and that failure to maintain such proof of financial security requires revocation of the registration of the motor vehicle, unless the registration certificate and number plates of such vehicle have been surrendered to the commissioner prior to the time at which termination becomes effective." The absence of

such notice would be fatal to GEICO's disclaimer. *(Mong v Allstate Ins. Co.,* 15 AD2d 257; *Messing v Nationwide Mut. Ins. Co.,* 42 AD2d 1030.) Finally, the record before us does not sufficiently establish that the cancellation notice was ever delivered to or received by Lopez. (See *Caprino v Nationwide Mut. Ins. Co.,* 34 AD2d 522.) Concur—Murphy, J. P., Lupiano, Birns, Silverman and Nunez, JJ.