■ DAVID M. THOMAS, Respondent, v GOVERNMENT EMPLOYEES INSURANCE COMPANY et al., Respondents, and EMPLOYERS FIRE INSURANCE COMPANY, Appellant.—In an action, *inter alia,* to declare which of two insurance carriers is obligated to provide personal injury coverage to the plaintiff, defendant Employers Fire Insurance Co. appeals from (1) an order of the Supreme Court, Dutchess County, entered July 26, 1977, which (a) granted the motion of the defendants-respondents for summary judgment to the extent of declaring, *inter alia,* that a certain policy issued by respondent Government Employees Insurance Co. (Geico) had been properly canceled; that plaintiff was not entitled to recover first-party benefits under that policy; and that plaintiff could recover such benefits under a certain policy issued by appellant and (b) denied appellant's cross motion for summary judgment and (2) so much of a further order of the same court, entered September 22, 1977, as, upon reargument adhered to the prior order. Appeal from the order entered July 26, 1977 dismissed, without costs or disbursements. That order was superseded by the order made on reargument. Order entered September 22, 1977 modified by adding thereto, after the provision adhering to the prior order, the following: "insofar as the prior order denied the cross motion for summary judgment. The prior order is otherwise vacated and the motion of defendants Government Employees Insurance Company and Budget Payment Corporation for summary judgment is denied." As so modified, order affirmed insofar as appealed from, without costs or disbursements, and the action is remanded to the Supreme Court for further proceedings consistent herewith. In this declaratory judgment action, in which summary judgment has been granted to defendants-respondents Geico and Budget Payment Corporation (Budget), the issues on appeal are (1) whether the proof submitted on the defendants-respondents' motion suffices to establish cancellation, pursuant to section 576 of the Banking Law, of an assigned risk insurance policy issued by Geico under a premium finance agreement between the insured and Budget and (2) whether the proof submitted on appellant's *cross motion* not only defeats a grant of summary judgment to the defendants-respondents by showing that triable issues of fact exist with respect to cancellation, but whether it is also sufficient to establish that, absent effective cancellation of Geico's policy, other reasons exist that entitle it to summary judgment. Before defendants-respondents may have the benefit of the presumption that the notice of cancellation was delivered to the insured (who died of injuries incurred in the automobile accident in which the plaintiff-respondent was also injured), proof of mailing must be adduced (see *Caprino v Nationwide Mut. Ins. Co.,* 34 AD2d 522). The papers here do not suffice and a trial is necessary as to that issue (cf. *Matter of Country-Wide Ins. Co. [Zanfardino],* 54 AD2d 871). *Matter of Pagan v MVAIC* (43 AD2d 671), upon which defendants-respondents rely, is not to the contrary, for that determination was made upon a *trial* record, a critical distinction which defendants-respondents fail to note, as were the decisions in *Nassau Ins. Co. v Lion Ins. Co.* (89 Misc 2d 982) and *Matter of Nassau Ins. Co. [Newsome]* (86 Misc 2d 942), where proof of mailing was held sufficient to raise the presumption of delivery of a notice of insurance cancellation. The other issue that is to be tried is that relating to the type-point size required by section 576 (subd 1, par [c]) of the Banking Law. Where the question is one of effective notice to the insured by the

insurer, which was not the issue in *Matter of Courtney v Hults* (18 AD2d 1091), there must be statutory compliance (see *Messing v Nationwide Mut. Ins. Co.,* 42 AD2d 1030 [and cases cited therein]). Appellant's contention that the policy may have been canceled for reasons other than nonpayment of premiums and that the insured did not receive proper notice of such cancellation is, we believe, make-weight, as is the contention as to timely disclaimer. Thus, we have limited the triable issues. Insofar as appellant contends that it should not have been declared obligated to provide benefits to the injured plaintiff under his stepfather's policy because there was no proof on the issue, it errs. When it cross-moved, if there were reasons—aside from whether the other insurer had cancelled—why its policy was not effective, it was required to assert those reasons on its cross motion. Appellant charted its course when it sought summary judgment on its own behalf; it may not now further delay plaintiff's case by interposing what it had available to it at the time of its cross motion. Titone, J. P., Rabin, Gulotta and Margett, JJ., concur.