■ COMPUTER TASK GROUP, INCORPORATED, Respondent, v PROFESSIONAL SUPPORT, INCORPORATED, et al., Appellants. — Order unanimously affirmed, with costs. Memorandum: This action instituted by Computer Task Goup (CTG) seeks money damages and an injunction to prevent named defendants from offering or providing services to CTG customers. The complaint alleges that defendants conspired unfairly to compete with CTG, by using confidential information obtained during their association with CTG to induce customers to breach their service agreement and utilize defendant Professional Support, Incorporated (PSI) for their programming needs. In asserting causes of action in tortious interference with contract, conspiracy to compete unfairly, breach of fiduciary obligation and others, CTG relies primarily on provisions in its customer services agreement wherein each respectively agrees not to solicit, hire, contract with or engage the employment or services of any employee for a period of 180 days. The issue properly resolved by Special Term is not whether CTG has made a factual showing equivalent to a prima facie case as defendants contend, but whether the pleadings adequately identify the transaction

and indicate the theory of recovery with sufficient precision to enable the court to control the case and the opponent to prepare (*219 Broadway Corp. v Alexander's, Inc.* 46 NY2d 506; *Foley v D'Agostino,* 21 AD2d 60, 63). Upon a motion to dismiss, the complaint is deemed to allege whatever may be implied from it, assuming the truth of the factual allegations (*Morone v Morone,* 50 NY2d 481; *Terry v Orleans County,* 72 AD2d 925; *Lupinski v Village of Ilion,* 59 AD2d 1050). There is an implicit duty upon an employee not to use confidential knowledge acquired in his employment in competition with his principal, even after the employment is terminated (*Byrne v Barrett,* 268 NY 199). The record contains affidavits which state that certain defendants, who were former officers of CTG, entered into a conspiracy to, and did, unfairly compete with it by hiring away CTG's employees so that their special knowledge of customer's need could be used to defendants' advantage. Special Term is permitted to consider these affidavits in its consideration of a pleading motion to dismiss based on CPLR 3211 (subd [a], par 7) (*Rovello v Orofino Realty Co.,* 40 NY2d 633, 635; *Kelly v Bank of Buffalo,* 32 AD2d 875); and the complaint together with the facts stated in the Seiler affidavit adequately apprise defendants that the plaintiffs seek recovery on the basis of unfair competition through breach of a fiduciary obligation (*Guggenheimer v Ginzburg,* 43 NY2d 268; *Meese v Miller,* 79 AD2d 237). There is no jeopardy to a substantial right of defendants or prejudice to them shown by the failure to separate the legal theories because they have demonstrated complete knowledge of the separate causes of action alleged in the complaint in their responding papers. (Appeal from order of Supreme Court, Erie County, Green, J. — dismiss complaint.) Present — Simons, J. P., Hancock, Jr., Callahan, Denman and Moule, JJ.