■ RODERICK E. HOLMES, Appellant, v UTICA MUTUAL INSURANCE COMPANY et al., Respondents. — Appeal from an order of the Supreme Court at Special Term (Bryant, J.), entered June 29, 1982 in Tompkins County, which granted defendant Utica Mutual Insurance Company's motion for summary judgment and denied plaintiff's cross motion for summary judgment. In this action, plaintiff seeks judgment declaring the rights of the parties under an automobile liability insurance policy issued to him by defendant Utica Mutual Insurance Company and requiring the company to defend and to indemnify him in connection with a suit against him by defendant Dillon resulting from an automobile accident on January 5, 1982. Following the answer containing general denials, defendant carrier moved pursuant to CPLR 3212 for summary judgment dismissing the complaint on the ground that notice of cancellation of the policy was mailed to plaintiff on or about September 7, 1981, effective October 5, 1981. Plaintiff cross-moved for summary judgment on the ground the notice of cancellation was defective because it did not comply with section 313 of the Vehicle and Traffic Law and plaintiff did not receive the notice. Special Term granted defendant carrier's motion and denied the cross motion holding that proper notice of cancellation had been sent and that failure to serve notice upon the Commissioner of Motor Vehicles did not affect the cancellation. Plaintiff has appealed. Subdivision 1 of section 313 of the Vehicle and Traffic Law pertaining to cancellation of insurance policies by notices sent by mail, was amended effective September 17, 1978 to add to paragraph (a) "[n]o contract of insurance * * * shall be terminated by cancellation by the insurer until at least twenty days after mailing to the named insured * * * a notice of termination *by regular mail, with a certificate of mailing, properly endorsed by the postal service to be obtained*" (L 1978, ch 425, § 1) (new matter italicized). The question on this appeal is whether cancellation has been sufficiently established to eliminate any triable issues of fact. The chief element in dispute is what constitutes sufficient proof of mailing of the notice. The burden of proving valid cancellation is upon the insurance company which disclaims coverage on the basis of cancellation (*Viuker v Allstate Ins. Co.,* 70 AD2d 295). Plaintiff argues that *Nassau Ins. Co. v Murray* (46 NY2d 828) and several additional cases cited in his brief show that Utica Mutual failed to meet the standard of proof of mailing. However, plaintiff fails to appreciate that the September 17, 1978 amendment to section 313 of the Vehicle and Traffic Law added a paragraph (b) to subdivision 1 which in part states: "A

copy of a notice of termination and the certificate of mailing, when kept in the regular course of the insurer's business, shall constitute conclusive proof of compliance with the mailing requirements of this chapter" (L 1978, ch 425, § 1). The cases relied upon by plaintiff all predate the amendment and cannot be read as superior to or overruling the plain statutory language which was intended to eliminate disputes as to what constitutes proof of mailing (see *Felician v State Farm Mut. Ins. Co.,* 113 Misc 2d 825, 830-831; see, also, Memorandum, NY Legis Ann, 1978, p 247). Moreover, examination of the record discloses that plaintiff's papers in opposition to the motion and in support of his cross motion consist solely of an attorney's affidavit and the pleadings. As to the complaint, we note that it is not verified and, therefore, the allegation of nonreceipt of the notice is unpersuasive. Further, the attorney's affidavit raises only two arguments, both of which have been sufficiently overcome by defendant's proof that the type point size and proof of mailing of the notice both were proper. It is for the first time in the brief upon this appeal that plaintiff raises the argument that defendant's proof was insufficient because it failed to prove that the notice of cancellation was sent in the "regular course of business". While, as noted, the burden of proof regarding cancellation is upon Utica Mutual and plaintiff is under no obligation to offer any proof until that burden has been met (*Viuker v Allstate Ins. Co.,* 70 AD2d 295, *supra*), plaintiff is here precluded from so arguing since he failed to raise this argument at Special Term while defendant still had the opportunity to respond and cure any deficiency. The law is clear that new issues raised initially upon appeal which could have been resolved by a factual showing in the trial court will not be grounds for reversal (*Telaro v Telaro,* 25 NY2d 433; cf. *Wilkerson v Apollon,* 81 AD2d 141; *Thomas v Government Employees Ins. Co.,* 61 AD2d 1044, 1045). Special Term correctly found that defendant conclusively proved compliance with statutory requirements for cancellation (see *Thomas v Government Employees Ins. Co.,* 61 AD2d 1044, *supra*). Finally, failure to file the notice of termination with the Commissioner of Motor Vehicles as required by subdivision 2 of section 313 of the Vehicle and Traffic Law does not affect the cancellation as between the insured and the insurer (*Capra v Lumbermens Mut. Cas. Co.,* 31 NY2d 760, 762; *Hanover Ins. Co. v Eggelton,* 88 AD2d 188, 191; *Olesky v Travelers Ins. Co.,* 72 AD2d 924, 925).[*] The cases relied upon by plaintiff do not require a different result. Order affirmed, with costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.

---

[*] We note that subdivisions 2 and 3 of section 313 have been amended to provide that cancellation will not be effective *until* the notice thereof has been filed with the commissioner. However, the effective date of the amendment is September 1, 1982 (L 1981, ch 569, § 12), and it is, therefore, inapplicable here.