■ JOHN DIAZ, Appellant, v GREAT AMERICAN INSURANCE COMPANY, Respondent, et al., Defendant. — In an action to declare coverage under an automobile liability insurance policy, plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Stark, J.), dated December 29, 1983, and (2) a judgment of the same court, dated January 23, 1984, which, *inter alia,* declared that the policy was properly canceled and that defendant Great American Insurance Company has no obligation to defend or indemnify defendant Kil Jeong Song in an action commenced against him to recover damages, *inter alia,* for personal injuries.

Appeal from the order dismissed (*see, Matter of Aho,* 39 NY2d 241, 248).

Judgment affirmed.

Defendant Great American Insurance Company is awarded one bill of costs.

Notice of cancellation was properly sent to defendant Kil Jeong Song by "regular mail, with a certificate of mailing, properly endorsed by the postal service" (Vehicle and Traffic Law § 313 [1] [a]). The form prepared by the carrier for use as a certificate of mailing complies with postal regulations and does not constitute a defect vitiating the notice of cancellation. The signature of the receiving postal employee and a handwritten piece count is not required on certificates of mailing (Domestic Mail Manual § 931.5). In any event, if the postal employee's signature was required, the rubber-stamped postmark indorsement was acceptable (General Construction Law § 46; *see,* 30 Opns St Comp, 1974, p 21) and the piece count, mechanically indorsed, is assured to be accurate by the amount of postage affixed to the certificate and the procedures required to be followed by Domestic Mail Manual § 931.35.

In sum, the policy was effectively canceled prior to the date of the accident in issue. Accordingly, Trial Term properly declared that the carrier has no obligation under the policy. Titone, J. P., Thompson, O'Connor and Rubin, JJ., concur.