■ NASSAU SODA FOUNTAIN EQUIPMENT CORP., Respondent, v MICHAEL MASON et al., Appellants.—In an action, *inter alia,* to permanently enjoin the defendants from soliciting and/or doing business with any customers of the plaintiff who were customers during the time that the defendants Mason and Warno were in its employ, the defendants appeal from an order of the Supreme Court, Suffolk County (Dunn, J.), dated July 24, 1984, which granted the plaintiff's motion for a preliminary injunction to the extent that the defendants were restrained from soliciting or doing business with any such customers of the plaintiff, except as to sales and servicing of refrigeration equipment, upon the condition that the plaintiff furnish an undertaking in the amount of $10,000.

Order affirmed, with costs.

The plaintiff, Nassau Soda Fountain Equipment Corp. (hereinafter Nassau), has been engaged for nearly 25 years in the business of selling, renting and servicing equipment used by restaurants and bars in the dispensing of soda, liquor, beer, wine and ice, as well as the supplying of carbon dioxide gas and soda syrup for use in connection with its equipment. The defendant Mason was an employee of Nassau for nearly 10 years, from May 1974 until January 1984, starting out as a truck driver but later working as a soda mechanic and refrigeration technician. The defendant Warno was employed by Nassau from November 1980 until January 1984, repairing and installing soda systems and ice machines and also doing some refrigeration work. It appears that during their employment with Nassau, both Mason and Warno had access to information concerning Nassau's customers, sales and rental prices, syrup prices and lease agreements.

In March 1983, while still employed by Nassau, the defendants Mason and Warno formed the defendant Classic Refrigeration and Soda Service, a partnership engaged in the same

business as Nassau, to wit, the sale, rental and service of equipment used in the dispensing of beverages and the sale of soda products, and allegedly began soliciting Nassau's customers. Upon discoverying this activity, Nassau dismissed Warno and accepted Mason's resignation. Thereafter, the defendant partnership continued to solicit Nassau's customers, apparently with some success. Nassau then commenced the instant action for injunctive relief, and, due to the advent of its busy season, moved for a preliminary injunction to restrain the defendants from soliciting or doing business in any manner with its customers. Special Term granted the injunction restraining the defendants, "except as to sales and servicing of refrigeration equipment". We find that Special Term correctly granted the preliminary injunction.

To be entitled to temporary injunctive relief, it is required that the movant establish (1) the likelihood of its success on the merits, (2) irreparable injury absent the granting of the preliminary injunction, and (3) that a balancing of the equities favors its position (see, e.g., Grant Co. v Srogi, 52 NY2d 496, 517; CPLR 6301, 6312 [a]). In the instant case, Nassau has demonstrated a likelihood of success on the merits by showing that the individual defendants breached the fiduciary duty which they owed to it by establishing and engaging in a business in direct competition with it while they were still in its employ (see, e.g., Maritime Fish Prods. v World-Wide Fish Prods., 100 AD2d 81, 88; Hecht Foods v Sherman, 43 AD2d 850, 851). Additionally, the individual defendants may have made use of certain confidential information pertaining to Nassau's business (see, e.g., Refrigeration Alarm Sys. Corp. v Olsen, 87 AD2d 648; Computer Task Group v Professional Support, 88 AD2d 768, 769; Byrne v Barrett, 268 NY 199, 206, rearg denied 268 NY 630).

We further find that Nassau has satisfactorily established irreparable injury, since it appears that the defendants might significantly diminish the amount of business conducted by Nassau by virtue of the allegedly improper acts. Finally, it is clear that on this record, the equities balance in favor of Nassau. Thus, under the circumstances of this case, the preliminary injunction was properly granted. Mollen, P. J., Lazer, Kunzeman and Kooper, JJ., concur.