■ INTERFAITH MEDICAL CENTER et al., Respondents, v NADEEM SHAHZAD, Defendant and Third-Party Plaintiff-Appellant, et al., Defendants. FRANK J. MADDALENA, Third-Party Defendant-Respondent

The defendant Nadeem Shahzad (hereinafter the defendant) was vice-president of Human Resources of the plaintiff Interfaith Medical Center (hereinafter Interfaith) from January 1983 through March 31, 1986. As part of his duties, the defendant set up a separate corporation, Exxcel Services, Inc. (hereinafter ESI) on behalf of Interfaith in March 1985. ESI was designed to provide temporary employment services to Interfaith and to other health care providers. The defendant was a corporate director of ESI as well as being responsible for its operation and supervision. On September 30, 1985, the defendant, acting in his individual capacity, formed ELI. ELI is a firm which engages in both the temporary and permanent placement of personnel and which numbers among its clients health care facilities. The gravamen of the plaintiffs' complaint is that the defendant misappropriated and converted 200 shares of stock in ESI, the name and good will of ESI and equipment, assets, funds and income properly belonging to ESI, and that he breached the fiduciary duties he owed the plaintiffs.

On August 5, 1986, the plaintiffs moved for a preliminary injunction and were granted a temporary restraining order which was modified on August 7, 1986. As modified, that temporary restraining order, *inter alia,* restrained the defendant from removing any ESI or ELI equipment, assets, funds, income, documents or records, froze the bank accounts in the name of ESI and ELI and its subsidiaries, and directed the defendant to cease holding himself out as an officer or employee of Interfaith or ESI. On September 9, 1986, the Supreme Court, Kings County (Krausman, J.), granted the motion and preliminarily enjoined the defendant in accordance with the terms of the temporary restraining order, as amended. The defendant now asks this court to lift that preliminary injunction. We hold that that preliminary injunction should be modified.

In order to obtain a preliminary injunction, a party must demonstrate (1) the likelihood of ultimate success on the merits, (2) that irreparable injury absent granting of the preliminary injunction would occur, and (3) that the equities are balanced in his favor *(see, Grant Co. v Srogi,* 52 NY2d 496, 517; *Henry v Suffolk Home Distrib.,* 118 AD2d 685; *McLaughlin, Piven, Vogel v Nolan & Co.,* 114 AD2d 165, 172). The facts

of this case show that the plaintiffs made a sufficient representation on the first two requirements. However, because the freeze on the ELI bank accounts, in effect, required that the defendant cease business, the burden to the defendant through the imposition of that provision of the preliminary injunction is more burdensome than the harm to the plaintiff *(cf. McLaughlin, Piven, Vogel v Nolan & Co., supra,* p 174). Therefore we have modified the preliminary injunction by removing only that provision which froze the bank accounts in the name of ELI *(see, Nassau Soda Fountain Equip. Corp. v Mason,* 118 AD2d 764).

Those portions of the parties' briefs which contained material not before the Supreme Court were not considered by this court in reaching this decision *(see, Broida v Bancroft,* 103 AD2d 88, 93). Mangano, J. P., Niehoff, Kooper and Spatt, JJ., concur.