■ ESTELLE BINDLER, Respondent, v JOHN BROWN, Defendant, COUNTRY WIDE INSURANCE COMPANY, Appellant, and MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORP., Respondent.—In an action to recover damages for personal injuries, the defendant Country Wide Insurance Company appeals from an order of the Supreme Court, Kings County (Krausman, J.), dated August 26, 1986, which, inter alia, declared that it was the insurer of the defendant John Brown on November 26, 1980.

Ordered that the judgment is affirmed, with one bill of costs.

As its sole contention in support of reversal, the defendant Country Wide Insurance Company argues that its cancellation notice, which failed to set forth the full address of its insured, was nevertheless sufficient to terminate coverage since the incomplete address utilized was supplied by the insured him-

self in his application (see, Vehicle and Traffic Law § 313 [1] [a]). However, at the hearing conducted in respect to the propriety of the cancellation notice, Country Wide Insurance Company did not submit the policy or the insured's application in support of this contention. After hearing counsel's arguments, the court ruled that the cancellation notice was defective.

In compiling its record on appeal, Country Wide Insurance Company has nevertheless inserted therein the declarations page of the insurance policy—a company produced document —on which the incomplete address had been typed. Neither this document, nor the insured's application, from which Country Wide Insurance Company contends the address was transcribed, was submitted to the hearing court. The defendant Motor Vehicle Accident Indemnification Corporation contends, *inter alia,* that the inclusion of the declarations page in the record on appeal was improper. We agree.

As this court has recently observed, " '[i]t is axiomatic that appellate review is limited to the record made at nisi prius and, absent matters which may be judicially noticed, new facts may not be injected at the appellate level' " *(Mi Suk Buley v Beacon Tex-Print,* 118 AD2d 630, 631, quoting from *Broida v Bancroft,* 103 AD2d 88, 93). Since the declarations page upon which Country Wide Insurance Company relies was not submitted to the Supreme Court, Kings County, it may not be considered on appeal. Accordingly, the contention that the notice of cancellation was effective because it was mailed to an address supplied by the insured himself is dependent upon matters dehors the record which cannot be considered by this court *(see, Interfaith Med. Center v Shahzad,* 124 AD2d 557, 559; *Porter v Shapiro,* 124 AD2d 794, 795). Weinstein, J. P., Rubin, Kunzeman and Kooper, JJ., concur.