■ SARANAC LAKE FEDERAL SAVINGS AND LOAN ASSOCIATION, Respondent, v FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Respondent, and GRANITE STATE INSURANCE COMPANY, Appellant.—Harvey, J. Appeal from an order of the Supreme Court (Plumadore, J.), entered May 4, 1989 in Franklin County, which, upon reargument, denied defendant Granite State Insurance Company's motion for summary judgment dismissing all claims against it.

In January 1984, defendant Granite State Insurance Company (hereinafter Granite State) issued an insurance policy covering losses due to fire to the former owners of a parcel of land known as the Northwind Lodge Motel located in the Town of Wilmington, Essex County. The policy was later amended at various times to substitute the names of the present owners of the property as the insured and to name plaintiff, a savings and loan association, as the mortgagee. In January 1986, Granite State received a request to cancel the insurance policy from the original insurance agent due to nonpayment of premiums. Pursuant to this request, Granite State prepared a cancellation notice and allegedly mailed it on January 24, 1986.

On April 7, 1986 a portion of the Northwind Lodge Motel was destroyed by fire. Plaintiff promptly notified Granite State of the fire loss but Granite State refused to make payment pursuant to the insurance contract. Plaintiff also notified defendant Fidelity and Deposit Company of Maryland (hereinafter Fidelity) of its loss pursuant to an insurance policy issued to plaintiff in which Fidelity contracted to insure plaintiff against any loss resulting from lack or insufficiency of insurance. Fidelity, however, did not pay pursuant to the contract.

Plaintiff then commenced this action against both Granite State and Fidelity for breach of contract. In its answer, Granite State asserted the alleged cancellation of its insurance policy as an affirmative defense. Fidelity's answer also asserted affirmative defenses and cross-claimed against Granite State for negligence and breach of its contract to plaintiff (to which Fidelity claimed to be a third-party beneficiary). Although Granite State initially successfully moved for summary judgment, plaintiff subsequently served a notice of motion for reargument. Supreme Court granted the motion, vacated its earlier decision and denied Granite State's motion for summary judgment. This appeal by Granite State ensued.

Initially, we reject Granite State's contention that Supreme Court erroneously denied Granite State's motion for summary judgment dismissing the complaint against it. Summary judgment is a drastic remedy which should not be granted where there is any arguable doubt as to the existence of a triable issue (Pasonno v Hall, 125 AD2d 767). When a party moves for summary judgment, the burden is on that party to present evidence in admissible form to warrant a court, as a matter of law, to direct judgment in favor of any party (CPLR 3212 [b]; see, Piccolo v De Carlo, 90 AD2d 609, 610). Once that burden is met, it is incumbent upon the opposing party to come forward with evidence of a genuine triable issue of fact which would defeat summary judgment (see, Ferber v Sterndent Corp., 51 NY2d 782, 783).

Here, the question before this court is whether a genuine triable issue of fact exists regarding Granite State's assertion that it validly canceled the fire insurance policy covering the Northwind Lodge Motel. Notably, the burden of proving valid cancellation is upon the insurer disclaiming coverage on the basis of cancellation (Holmes v Utica Mut. Ins. Co., 92 AD2d 1045). In the case at bar, it is our view that sufficient questions of fact have been presented so as to justify the denial of summary judgment dismissing the complaint. Granite State

has never proffered the original insurance policy provision which authorizes it to cancel the policy. Therefore, a question of fact exists as to whether the alleged cancellation breached the insurance contract. The general rule is that an insurer must comply literally with the provisions of the policy and statutes when canceling an insurance policy *(see, Victor v Turner,* 113 AD2d 490; *Government Employees Ins. Co. v Mizell,* 36 AD2d 452, 454). Regarding the alleged cancellation itself, Granite State principally relies on the fact that its copy of the alleged notice of cancellation contains a postmark with the date January 24, 1986. However, other copies of the cancellation notices in the record either contain no date at all or appear to be postmarked January 24, 1985. While it may be that these conflicting documents may be a result of poor photocopying facilities or that the file contained notices in various stages of completion, the very fact that this conflict exists convinces us that summary judgment would be premature at this stage of the litigation.

We note additionally that Granite State attempts to establish, through proof of its office practices and procedures regarding the mailing of cancellation notices, that a presumption that plaintiff received the notices must apply, thereby entitling it to summary judgment *(see, Nassau Ins. Co. v Murray,* 46 NY2d 828, 829; *Matter of Betances v Hexreed Indus.,* 141 AD2d 945, 946). However, rather than conclusively establishing an office practice with respect to mailing notices, the record shows much confusion as to the precise office practice employed by Granite State. While the notice of cancellation submitted by Granite State contains a certification by one of Granite State's employees stating that she personally mailed the notice, that employee later admitted in an affidavit that she did not mail the notice and does not know who did. This admission casts doubt on the proposition that a reliable office procedure for mailing notices existed. The absence of evidence from anyone claiming to have mailed the notice or pertaining to internal controls and precautions creates further questions of fact that cannot be decided on a summary judgment motion *(see generally, Matter of Lumbermens Mut. Cas. Co. [Collins],* 135 AD2d 373, 375; *Rhulen Agency v Gramercy Brokerage,* 106 AD2d 725). Accordingly, it would be inappropriate to grant Granite State summary judgment on this basis.

Finally, we turn to that part of Granite State's motion requesting that it be granted summary judgment as to the cross claims asserted against it by Fidelity. In our view,

summary judgment should have been granted to that extent since there are no issues of fact regarding the cross claims which would preclude a court from directing judgment as a matter of law (see, CPLR 3212 [b]; *Glick & Dolleck v Tri-Pac Export Corp.,* 22 NY2d 439). Fidelity has not refuted Granite State's assertion that it owes no duty to Fidelity. Therefore, the negligence cross claim should be dismissed. Also, Fidelity's failure to contest Granite State's claim that it has no contractual obligations to Fidelity mandates the dismissal of the breach of contract cross claim.

Order modified, on the law, without costs, by reversing so much thereof as denied the motion to dismiss the cross claims of defendant Fidelity and Deposit Company of Maryland; motion granted to that extent and cross claims dismissed; and, as so modified, affirmed. Weiss, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.