■ In the Matter of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent, v SOSAMMA CHERIAN, Respondent, and GOVERNMENT EMPLOYEES INSURANCE COMPANY

et al., Appellants. (Proceeding No. 1.) In the Matter of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent, v SARAMMA VARUGHESE, Respondent, and GOVERNMENT EMPLOYEES INSURANCE COMPANY et al., Appellants. (Proceeding No. 2.) [608 NYS2d 708] —In two consolidated proceedings pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, the appeal is from (1) an order and judgment (one paper) of the Supreme Court, Queens County (Groh, J., on decision; Kassoff, J., on order and judgment), dated February 25, 1992, which, after a hearing, granted the petitioner's application to permanently stay arbitration of the claim made by Sosamma Cherian (Proceeding No. 1), and (2) an order and judgment (one paper) of the same court, dated May 7, 1992, which, *inter alia,* granted the petitioner's motion for summary judgment and permanently stayed arbitration of the claim made by Saramma Varughese (Proceeding No. 2).

Ordered that the order and judgment dated February 25, 1992, is reversed, on the law, the petition in Proceeding No. 1 is dismissed, and the petitioner is directed to proceed to arbitration; and it is further,

Ordered that the order and judgment dated May 7, 1992, is reversed, on the law, the petition in Proceeding No. 2 is dismissed, and the petitioner is directed to proceed to arbitration; and it is further,

Ordered that the appellants are awarded one bill of costs, payable by the petitioner State Farm Automobile Mutual Insurance Company.

While the initial burden of demonstrating a valid cancellation is on the insurance company which disclaims coverage *(see, Saranac Lake Fed. Sav. & Loan Assn. v Fidelity & Deposit Co.,* 159 AD2d 895; *Federal Ins. Co. v Kimbrough,* 116 AD2d 692; *Holmes v Utica Mut. Ins. Co.,* 92 AD2d 1045), once the appellant offered into evidence a notice of termination with proof of mailing, the burden shifted to the State Farm Mutual Automobile Insurance Company (hereinafter State Farm), as the party disputing the cancellation, to "establish noncompliance with the statute as to form and procedure" *(Berrios v Lumbermens Mut. Cas. Co.,* 162 AD2d 365). We find that State Farm failed to sustain its burden here. In this regard, we note that the appellant's notice of termination, which informed the owner of the offending vehicle that it had rejected her insurance application due to the age and excessive odometer reading of the vehicle she wished to insure, was sufficiently specific to satisfy the requirements of Insurance

Law § 3425 (b) *(cf., Messing v Nationwide Mut. Ins. Co.,* 42 AD2d 1030). Moreover, there is no indication that the grounds for cancellation set forth in the appellant's notice of termination were false or inaccurate *(cf., Nassau Ins. Co. v Hernandez,* 65 AD2d 551). Miller, J. P., Copertino, Santucci and Goldstein, JJ., concur.