■ In the Matter of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant, v ADELA MORALES et al., Respondents. [615 NYS2d 936] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, the petitioner State Farm Mutual Automobile Insurance Company appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Queens County (Kassoff, J.), dated July 20, 1992, as, after a hearing, dismissed its petition and directed the parties to proceed to arbitration.

Ordered that the judgment is affirmed insofar as appealed from, with costs to the respondent Allstate Insurance Company.

While the initial burden of demonstrating a valid cancellation is on the insurance company which disclaims coverage *(see, Matter of State Farm Mut. Auto. Ins. Co. v Cherian,* 202 AD2d 434; *Berrios v Lumbermens Mut. Cas. Co.,* 162 AD2d 365; *Saranac Lake Fed. Sav. & Loan Assn. v Fidelity Deposit Co.,* 159 AD2d 895; *Federal Ins. Co. v Kimbrough,* 116 AD2d 692), once the respondent Allstate Insurance Company (hereinafter Allstate) established that it had mailed its insured a notice of cancellation for nonpayment of premiums, the burden shifted to State Farm Mutual Automobile Insurance Company (hereinafter the State Farm), as the party disputing the cancellation, to " 'establish noncompliance with the statute as to form and procedure' " *(Matter of State Farm Mut. Auto. Ins. Co. v Cherian, supra,* at 435; *Berrios v Lumbermens Mut. Cas. Co., supra).* We find that State Farm failed to sustain its burden here. Although it is undisputed that the first notice of cancellation sent by Allstate was ineffective, a second notice of cancellation complied with the requirements of Vehicle and Traffic Law § 313 and was properly mailed *(see, Barile v Kavanaugh,* 67 NY2d 392; *Matter of USAA Cas. Ins. Co. v Belizaire,* 154 AD2d 603). Moreover, contrary to State Farm's contention, the second bill and second notice of cancellation were sufficient to apprise the insured that payment of the past due premium was required in order to have the policy remain in effect. Lawrence, J. P., Altman, Friedmann and Krausman, JJ., concur.