■ GERALD JONES et al., Respondents, v ALLSTATE INSURANCE COMPANY, Appellant. [634 NYS2d 176] —In an action for a

judgment declaring the existence of certain automobile insurance coverage, the defendant Allstate Insurance Company appeals from a judgment of the Supreme Court, Putnam County (Hickman, J.), dated October 14, 1994, which declared that the plaintiffs were covered by a policy of automobile insurance issued by the defendant concerning an accident which occurred on January 21, 1990.

Ordered that the judgment is reversed, on the law, with costs, and it is declared that the plaintiffs are not entitled to insurance coverage from the defendant in connection with the accident which occurred on January 21, 1990.

At the hearing held before the Supreme Court, the defendant Allstate Insurance Company (hereinafter Allstate) adduced competent, credible evidence that it effectively cancelled the policy of insurance covering the plaintiffs' 1987 Oldsmobile as of September 4, 1988. Through the testimony of two knowledgeable employees, Allstate introduced into evidence a copy of the notice of cancellation it sent to the plaintiffs on August 17, 1988, along with a properly endorsed postal service certificate of mailing, both generated and retained in the ordinary course of business. Supported by the testimony of the two Allstate employees as to routine cancellation notice mailing procedures, these documents constitute conclusive proof of compliance with the mailing requirements of Vehicle and Traffic Law § 313 (1) (a) and thus Allstate's termination of the policy for non-payment of premiums was efficacious (see, Vehicle and Traffic Law § 313 [1] [b]; see also, Matter of State Farm Mut. Auto. Ins. Co. v Morales, 207 AD2d 546; Matter of State Farm Mut. Auto. Ins. Co. v Cherian, 202 AD2d 434; Diaz v Great Am. Ins. Co., 109 AD2d 775). Moreover, the plaintiffs acknowledged that during the approximate 17-month period between the cancellation of the policy and the one car accident in January 1990, they paid no premiums to Allstate and never renewed their insurance coverage with Allstate. Therefore, the plaintiffs' mere denials of receipt of the notice of cancellation are unpersuasive, and are not rendered otherwise by their proffered evidence that the lienholders of the two cars owned by the plaintiffs which were previously insured by Allstate, likewise denied receiving notices of cancellation (see, Matter of T. J. Gulf v New York State Tax Commn., 124 AD2d 314).

We have reviewed the plaintiffs' remaining contentions and find them to be without merit. Bracken, J. P., Rosenblatt, Miller and Krausman, JJ., concur.