■ CHASE MANHATTAN BANK, Respondent, v VINCENT M. POLIMENI et al., Appellants. [664 NYS2d 48] —Order, Supreme Court, New York County (Charles Ramos, J.), entered April 17, 1997, which, to the extent appealed from, denied defendants' cross motion for summary judgment, unanimously modified, on the law, to the extent of granting defendant corporation summary judgment dismissing the complaint as against it and granting the individual defendant partial summary judgment dismissing the third cause of action, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of defendant Polimeni Enterprises, Inc., dismissing the complaint as against it.

Summary judgment should have been granted in favor of defendant corporation. The two financial statements are, by their terms, on behalf of the individual defendant personally. A writing by one party cannot be considered the acknowledgement of the debt of another (see, Flaum v Birnbaum, 120 AD2d 183, 192-193). Since no part of either financial statement refers to the debt that is the subject of the third cause of action, that cause of action is time-barred. We agree with the motion court that questions of fact are presented as to whether or not the individual defendant authorized the affixing on the 1994 letter a handwritten signature that would serve the same function as a rubber stamp facsimile (see, Diaz v Great Am. Ins. Co., 109 AD2d 775), and whether or not the individual defendant intended the acknowledgement of his debt to import an intention to pay that debt (see, Estate of Vengroski v Garden Inn, 114 AD2d 927). Concur—Ellerin, J. P., Williams, Tom and Mazzarelli, JJ.