■ M. GRABIE WOOLEN CO., INC., Respondent, v FIRST STATE INSURANCE COMPANY et al., Appellants. [671 NYS2d 287] —In an action to recover damages for breach of an insurance contract and negligence, the defendant First State Insurance Company appeals, and the defendant RWP Group, Inc., separately appeals, from an order of the Supreme Court, Queens County (Satterfield, J.), dated March 7, 1996, which denied their respective motion and cross motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the appeal of RWP Group, Inc., is held in abeyance pending the disposition of the bankruptcy proceedings initiated by it; and it is further,

Ordered that the order is affirmed insofar as appealed from by the defendant First State Insurance Company, without costs or disbursements.

A notice of cancellation, mailed to the address listed in an insurance policy as being that of the insured, is generally effective, even in the absence of actual receipt (*see, e.g., Makawi v Commercial Union Ins. Co.*, 244 AD2d 533; *Pressman v Warwick Ins. Co.*, 213 AD2d 386). However, this general rule should not apply in a case where an endorsement to the policy is issued, allegedly without the knowledge or consent of the insured or its agent, changing the insured's address to an incorrect address so as to make receipt of actual notice impossible (*cf., Bindler v Brown*, 133 AD2d 602; *see also, Kramnicz v First Natl. Bank*, 32 AD2d 1009). Because there are issues of fact as to whether the issuance of "Endorsement Number 4" had been authorized by the insured or received by it, we agree with the Supreme Court that the appellant is not entitled to judgment as a matter of law. Rosenblatt, J. P., Ritter, Sullivan and Goldstein, JJ., concur.