■ CHERRY HILL TEXTILES, INC., et al., Appellants-Respondents, v INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, Respondent, and FAIRMONT INSURANCE BROKERS, LTD., Respondent-Appellant. [714 NYS2d 301] —In an action, *inter alia,* to recover benefits pursuant to a property insurance policy, (1) the plaintiffs appeal from so much of an order of the Supreme Court, Kings County (Rappaport, J.), dated May 11, 1999, as denied their cross motion for partial summary judgment against the defendant Insurance Company of the State of Pennsylvania on the first cause of action to recover benefits

under the policy and granted that defendant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and (2) the defendant Fairmont Insurance Brokers, Ltd., separately appeals, as limited by its brief, from so much of the same order as denied its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed and cross-appealed from, on the law, with one bill of costs payable to the appellants-respondents and the respondent-appellant, the plaintiffs' cross motion is granted, the motion of the defendant Insurance Company of the State of Pennsylvania is denied, the cross motion of the defendant Fairmont Insurance Brokers, Ltd., is granted, the complaint and all cross claims are dismissed insofar as asserted against that defendant, the action against the remaining defendant is severed, and the matter is remitted to the Supreme Court, Kings County, for a determination of the amount of benefits due under the policy.

The defendant Insurance Company of the State of Pennsylvania (hereinafter ICSP) issued a property insurance policy to the plaintiffs on January 11, 1992. A renewal policy was issued to the plaintiffs with a policy period of January 11, 1993, to January 11, 1994. ICSP sent a notice of cancellation for nonpayment listing a cancellation effective date of March 5, 1993, to the plaintiffs' broker, Fairmont Insurance Brokers, Ltd. (hereinafter Fairmont). The cancellation notice did not reference any paragraph or subparagraph of the Insurance Law.

On July 9, 1993, a fire occurred at the plaintiffs' premises, allegedly causing substantial losses. The plaintiffs contacted Fairmont and were informed that the policy had been cancelled. After receipt of a notice of nonrenewal in November 1993, which indicated that the policy would be cancelled on January 11, 1994, the plaintiffs reported the loss to ICSP. ICSP refused to pay for the loss and the plaintiffs commenced this action.

The Supreme Court was correct in concluding that the notice of cancellation sent by ICSP was facially defective since it failed to reference the pertinent subparagraph of Insurance Law § 3426 (c) (1) (A) as required by Insurance Law § 3426 (h). However, the court erred in granting the motion of ICSP for summary judgment on the ground that the plaintiffs failed to give "prompt notice" of their loss as a matter of law because they did not timely contact ICSP after the fire. The plaintiffs' four-month delay in reporting their loss to ICSP was based upon their broker's faulty advice that the policy had been

cancelled, which was induced by the ICSP error in issuing a defective notice of cancellation. Under these circumstances, the plaintiffs gave timely notice of their loss as a matter of law (*see, Universal Underwriters Ins. Co. v Patriot Ambulette,* 149 AD2d 500; *Hanover Ins. Co. v DeMato,* 143 AD2d 807, 808-809).

Accordingly, the plaintiffs are entitled to partial summary judgment against ICSP on the first cause of action to recover benefits under the policy. Under these circumstances, Fairmont's cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it must be granted. Bracken, J. P., Florio, H. Miller and Smith, JJ., concur.