■ M. Grabie Woolen Co., Inc., Respondent, v First State Insurance Company, Defendant, and RWP Group, Inc., Appellant. [721 NYS2d 682] —In an action, *inter alia*, to recover damages for negligence, the defendant RWP Group, Inc., appeals from so much of an order of the Supreme Court, Queens County (Satterfield, J.), dated March 7, 1996, as denied its cross motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

The plaintiff purchased insurance from the defendant First State Insurance Company (hereinafter First State) through the appellant RWP Group, Inc. (hereinafter RWP), an insurance broker. First State subsequently disclaimed coverage on a claim filed by the plaintiff on the ground that the policy had been cancelled prior to the loss for failure to pay the premium. The plaintiff thereafter commenced this action alleging that the notice of cancellation was not effective because it was not mailed to the correct mailing address. The plaintiff alleged that, unbeknownst to it, a subsequent endorsement to the policy had changed the policy to reflect an incorrect mailing address (*see, Grabie Woolen Co. v First State Ins. Co.,* 249 AD2d 280). The plaintiff alleged, *inter alia*, that RWP was negligent in causing and/or allowing the policy to be changed to reflect an incorrect mailing address, and that such negligence was a proximate cause of the alleged lack of proper notice of cancellation and, consequently, of the asserted lack of coverage at the time of the loss. In the order appealed from, the Supreme Court, *inter alia*, denied RWP's cross motion for summary judgment dismissing the complaint insofar as asserted against it, finding issues of fact. We reverse.

In opposition to RWP's prima facie demonstration of entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact as to whether RWP's alleged negligence in causing and/or allowing an incorrect mailing address to be set forth in the policy was a proximate cause of the damages alleged (*see, Zuckerman v City of New York,* 49 NY2d 557). RWP proffered unrebutted sworn allegations that it

informed the plaintiff on at least three occasions between October 23, 1985, and October 29, 1985, that the subject policy would be cancelled effective October 30, 1985, if the plaintiff continued to refuse to pay the newly increased premium. Thus, the plaintiff was aware that cancellation would become effective on October 30, 1985, which is what the improperly addressed notice of cancellation advised.

The plaintiff's remaining contentions are without merit. Ritter, J. P., Goldstein, Florio and McGinity, JJ., concur.