■ DTC RESTAURANT, INC., Respondent, v PUBLIC SERVICE MUTUAL INSURANCE COMPANY, Appellant. [753 NYS2d 892] —In an action, inter alia, for a judgment declaring that the defendant Public Service Mutual Insurance Company is obligated to defend and indemnify the plaintiff in an action entitled *Winn v Parkside Diner,* pending in the Supreme Court, Rockland County, under Index No. 7633/95, the defendant Public Service Mutual Insurance Company appeals, by permission, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Molea, J.), dated August 17, 2001, as granted the plaintiff's application, in effect, pursuant to CPLR 4401 for judgment as a matter of law made at the close of all evidence in a jury trial and directed entry of a judgment declaring that it shall indemnify the plaintiff under the terms of a certain policy of insurance.

Ordered that the order is affirmed insofar as appealed from, with costs.

The initial burden of demonstrating a valid cancellation is on the insurance company which disclaimed coverage (*see Matter of State Farm Mut. Auto. Ins. Co. v Morales,* 207 AD2d 546, 547; *Matter of State Farm Mut. Auto. Ins. Co. v Cherian,* 202 AD2d 434; *Berrios v Lumbermens Mut. Cas. Co.,* 162 AD2d 365). The evidence adduced at trial was insufficient to establish that the cancellation notice the appellant insurer purportedly mailed to the plaintiff provided the grounds for cancellation or referenced the pertinent subparagraph of Insurance Law § 3426 (c) (1) (A) as required by Insurance Law § 3426 (h) (*see Cherry Hill Textiles v Insurance Co. of State of Pa.,* 276 AD2d 519; *Matter of Worldwide Underwriters Ins. Co. v Lumbermens Mut. Cas. Co.,* 181 AD2d 784). Accordingly, the Supreme Court properly granted the plaintiff judgment as a matter of law (*see* Insurance Law § 3426 [i]).

The appellant's remaining contentions are not properly before this Court. Florio, J.P., Feuerstein, Friedmann and Rivera, JJ., concur.