■ GENERAL ELECTRIC CAPITAL CORPORATION, Respondent, v GENNADY VOLCHYOK, Defendant, and PROGRESSIVE DIRECT, INC., Also Known as PROGRESSIVE, Appellant. [770 NYS2d 419]—

In an action to recover damages for breach of contract, the defendant Progressive Direct, Inc., also known as Progressive, appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (G. Aronin, J.), dated November 6, 2002, as granted the plaintiff's motion for summary judgment on the complaint insofar as asserted against it and denied its cross motion to compel discovery.

Ordered that the order is affirmed insofar as appealed from, with costs.

On or about August 31, 2000, an automobile leased by the defendant Gennady Volchyok from the plaintiff, General Electric Capital Corporation, was stolen and never recovered. In accordance with the terms of the lease, Volchyok had obtained a policy of insurance from the defendant Progressive Direct, Inc., also known as Progressive (hereinafter Progressive), naming the plaintiff vehicle owner as an additional insured and as a loss payee. Progressive denied the plaintiff's claim, asserting that it cancelled the insurance policy for nonpayment of premiums before the loss by mailing a proper notice of cancellation to Volchyok. The plaintiff asserted a cause of action against Progressive to recover damages for breach of the insurance policy because it failed to provide the plaintiff with prior notice of the cancellation as required by the terms of the subject policy. Specifically, the cancellation clause provided that a notice of cancellation was required to be mailed at least 15 days before the effective date of cancellation to the named insured shown on the declarations page. The plaintiff claims it was entitled to such notice, as it was named as an additional insured on the declarations page of the policy. The Supreme Court awarded the plaintiff summary judgment on that cause of action. We affirm.

"It is axiomatic that a contract is to be interpreted so as to give effect to the intention of the parties as expressed in the unequivocal language employed" (*Breed v Insurance Co. of N. Am.*, 46 NY2d 351, 355 [1978] [internal quotation marks omitted]). Whether or not a writing is ambiguous is a question of law to be resolved by the courts (*see W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]). A determination of the intent of the parties to a contract can be made as a matter of law without a trial where that intent is discernible from the four corners of an

unambiguously-worded agreement (*see Hartford Acc. & Indem. Co. v Wesolowski,* 33 NY2d 169 [1973]).

The Supreme Court correctly determined as a matter of law that it was the intent of the drafter of the cancellation clause that notice of an impending cancellation be given to those named insureds on the declarations page of the policy. Accordingly, summary judgment was properly awarded to the plaintiff.

Moreover, Progressive knew that the plaintiff was the owner of the vehicle, as the plaintiff was named as an insured on the policy. Therefore, Progressive was obligated to notify the plaintiff regarding the cancellation of the policy on that basis as well (*see e.g. Matter of American Cas. Ins. Co. v Walcott,* 300 AD2d 478 [2002]; *Government Empls. Ins. Co. v Employers Commercial Union Ins. Co.,* 62 AD2d 123 [1978]).

The appellant's remaining contention is without merit. Krausman, J.P., Schmidt, Mastro and Rivera, JJ., concur.