■ RANDY YORK, Appellant, v ALLSTATE INDEMNITY COMPANY, Respondent. [780 NYS2d 357]—

In an action to enforce a judgment against an insurance carrier, the plaintiff appeals from an order of the Supreme Court, Kings County (Silverman, J.H.O.), dated August 5, 2003, which, after a hearing, denied his motion for summary judgment and granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The initial burden of demonstrating a valid cancellation of a policy is on the insurance company which disclaimed coverage (*see DTC Rest. v Public Serv. Mut. Ins. Co.,* 302 AD2d 349 [2003]; *Matter of State Farm Mut. Auto. Ins. Co. v Morales,* 207 AD2d 546 [1994]; *Matter of State Farm Mut. Auto. Ins. Co. v Cherian,* 202 AD2d 434 [1994]). An insurance carrier may effectively cancel its policy "by mailing a notice of cancellation to the address shown on the policy, provided that it submits sufficient proof of mailing, regardless of whether the notice is actually received by the insured" (*Makawi v Commercial Union Ins. Co.,* 244 AD2d 533 [1997] [internal quotation marks omitted]; *see M. Grabie Woolen Co. v First State Ins. Co.,* 249 AD2d 280 [1998]; *Pressman v Warwick Ins. Co.,* 213 AD2d 386 [1995]). Here, the defendant's proof that it mailed a copy of the notice of cancellation to the address shown on the insured's signed application established that it effectively canceled the subject insurance policy (*cf. Bindler v Brown,* 133 AD2d 602 [1987]). The plaintiff does not contest the fact that the notice of cancellation was mailed to the address shown on the insurance policy but contends that the address contained on the policy was incorrect. Regardless of whether or not the address on the policy was the correct address of the insured, this would not invalidate the notice of cancellation, as the carrier was not notified that the address shown on the policy was incorrect (*see Pressman v Warwick Ins. Co., supra; Olesky v Travelers Ins. Co.,* 72 AD2d 924 [1979]). Altman, J.P., Goldstein, Schmidt, Cozier and Skelos, JJ., concur.