Appeal from an order of the Supreme Court, Niagara County (Frank Caruso, J.), entered August 29, 2007 in a declaratory judgment action. The order denied plaintiffs motion for summary judgment seeking a declaration that plaintiff has no duty to defend or indemnify defendant Scott C. Mayer, Jr. in the underlying personal injury action.
It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion is granted and judgment is granted in favor of plaintiff as follows: “It is ADJUDGED AND DECLARED that plaintiff has no duty to defend or indemnify defendant Scott C. Mayer, Jr. in the underlying personal injury action.”
Memorandum: Plaintiff commenced this action seeking a declaration that it has no duty to defend or indemnify defendant Scott C. Mayer, Jr. in the underlying personal injury action. Plaintiff initially moved for summary judgment seeking that declaration and, by the order in appeal No. 1, Supreme Court denied the motion without prejudice. Plaintiff thereafter made a second motion for the same relief, and we conclude that the court erred in denying plaintiff’s second motion. We therefore dismiss the appeal from the order in appeal No. 1 as superseded by the order in appeal No. 2. “It is well established that a notice of cancellation is ineffective unless in strict compliance with the requirements of Vehicle and Traffic Law § 313 (1) (a)” (Barile v Kavanaugh, 67 NY2d 392, 399 [1986]), and plaintiff met its initial burden by demonstrating its strict compliance with the statute, i.e., plaintiff demonstrated that it timely and validly *1245 cancelled the policy issued to Mayer based on his nonpayment of premiums (see generally Insurance Law § 313 [1] [a]; Badio v Liberty Mut. Fire Ins. Co., 12 AD3d 229 [2004]; Matter of State Farm Mut. Auto. Ins. Co. v Morales, 207 AD2d 546 [1994]; Matter of State Farm Mut. Auto. Ins. Co. v Cherian, 202 AD2d 434, 435 [1994]). The burden then shifted to defendants-respondents (defendants) “to ‘establish noncompliance with [Vehicle and Traffic Law § 313 (1) (a)] as to form and procedure’ ” (Cherian, 202 AD2d at 435, quoting Berrios v Lumbermens Mut. Cas. Co., 162 AD2d 365 [1990]), and defendants failed to meet that burden. Plaintiff submitted “evidence of its office mailing practice sufficient to establish that the notice of cancellation had been mailed and presumably received” (Badio, 12 AD3d at 230). The deposition testimony of Mayer that he did not recall receiving the notice is insufficient to rebut the presumption of receipt (see id. at 231). Present—Hurlbutt, J.P., Smith, Green, Pine and Gorski, JJ.