■ UNIFIED WINDOW SYSTEMS, INC., et al., Appellants, v ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY, Respondent, et al., Defendant. [53 NYS3d 646]—

In an action, inter alia, for a judgment declaring that the defendant Endurance American Specialty Insurance Company is obligated to defend and indemnify the plaintiff Unified Window Systems, Inc., in an underlying action entitled *Orellana v Unified Window Sys., Inc.*, commenced in the Supreme Court, Kings County, under Index No. 17421/12, the plaintiffs appeal from an order of the Supreme Court, Queens County (Kitzes, J.), dated May 13, 2015, which denied their motion for summary judgment declaring that the defendant Endurance American Specialty Insurance Company is obligated to defend and indemnify the plaintiff Unified Window Systems, Inc., in the underlying action.

Ordered that the order is reversed, on the law, with costs, the plaintiffs' motion for summary judgment declaring that the defendant Endurance American Specialty Insurance Company is obligated to defend and indemnify the plaintiff Unified Window Systems, Inc., in the underlying action is granted, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment, inter alia, declaring that the defendant Endurance American Specialty Insurance Company is obligated to defend and indemnify the plaintiff Unified Window Systems, Inc., in the underlying action entitled *Orellana v Unified Window Sys., Inc.*, commenced in the Supreme Court, Kings County, under Index No. 17421/12.

This action arises out of an accident that occurred on July 31, 2012, in which Jose Orellana, an employee of the defendant L.I. Exterior Specialists, Inc. (hereinafter LIES), allegedly sustained personal injuries when he fell from a ladder on the roof of a Brooklyn residence in the course of his work as a roofer. Orellana commenced the underlying action to recover damages for his injuries against, among others, the plaintiff Unified Window Systems, Inc. (hereinafter UWS), the general contractor who hired LIES. UWS subsequently impleaded LIES and obtained a default judgment against LIES on its contractual indemnification claim. UWS timely sought additional

insured coverage from the defendant Endurance American Specialty Insurance Company (hereinafter Endurance) under an insurance policy that Endurance had issued to LIES. However, Endurance disclaimed coverage for the accident on the ground that the policy purportedly had been cancelled on June 26, 2012, due to nonpayment of premiums. That coverage disclaimer was later supplemented with two policy exclusions for work performed within the five boroughs of the City of New York and for bodily injury sustained by an employee of an insured in the course of his or her employment.

In August 2013, UWS and its excess insurance carrier, the plaintiff Merchants Insurance Group, commenced this action, inter alia, for a judgment declaring that Endurance is obligated to defend and indemnify UWS in the underlying action, as UWS was an additional insured under a policy obtained by LIES. After issue was joined, the plaintiffs moved for summary judgment making the declaration on the ground that the policy was not properly cancelled.

The plaintiffs established their prima facie entitlement to judgment as a matter of law. In support of their motion, the plaintiffs submitted, inter alia, UWS's contract with LIES and the subject insurance policy. In the contract, LIES agreed to name UWS as an additional insured under the policy. The Blanket Additional Insured Endorsement of the policy provides that additional insureds are "Any entity required by written contract . . . to be named as an insured . . . but only with respect to liability arising out of [LIES'] premises, '[LIES'] work' for the additional insured, or acts or omissions of the additional insured, in connection with their general supervision of '[LIES'] work.' " Since the policy provided LIES with primary coverage, and LIES agreed to make UWS an additional insured, the contract between UWS and LIES constituted a contract requiring Endurance to provide UWS with primary coverage, and satisfied the requirement of the Blanket Additional Insured Endorsement.

In addition, Endurance initially disclaimed coverage on the ground that the policy had been cancelled for nonpayment of premiums. The initial burden of demonstrating a valid cancellation of a policy is on the insurance company which disclaimed coverage (see York v Allstate Indem. Co., 8 AD3d 663, 664 [2004]; DTC Rest. v Public Serv. Mut. Ins. Co., 302 AD2d 349 [2003]). In support of their motion for summary judgment, the plaintiffs submitted evidence establishing, prima facie, that the notice of cancellation produced by Endurance did not comply with the terms of the insurance policy requiring that a

notice of cancellation be mailed at least 15 days before the effective date of cancellation (*see BRP Constr. Group, LLC v Greenwich Ins. Co.*, 106 AD3d 680, 681 [2013]; *General Elec. Capital Corp. v Volchyok*, 2 AD3d 777 [2003]), and that the cancellation notice Endurance purportedly mailed to LIES failed to reference the pertinent subparagraph of Insurance Law § 3426 (c) (1) (A), as required by Insurance Law § 3426 (h) (*see DTC Rest. v Public Serv. Mut. Ins. Co.*, 302 AD2d at 349; *Cherry Hill Textiles v Insurance Co. of State of Pa.*, 276 AD2d 519 [2000]).

In opposition to the motion, Endurance failed to raise a triable issue of fact. Endurance did not submit the notice of cancellation purportedly mailed to LIES or any competent proof of mailing (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Moreover, Endurance failed to establish that summary judgment was premature in light of outstanding discovery. " 'A party who contends that a summary judgment motion is premature is required to demonstrate that discovery might lead to relevant evidence or [that] the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant' " (*Interboro Ins. Co. v Clennon*, 113 AD3d 596, 597 [2014], quoting *Cajas-Romero v Ward*, 106 AD3d 850, 852 [2013]; *see* CPLR 3212 [f]). Here, Endurance did not establish what information it hoped to discover that would demonstrate the existence of a triable issue of fact.

Endurance waived its right to disclaim coverage based upon the Employer's Liability and Designated Ongoing Operations exclusions because it failed to include these grounds for disclaimer in the original disclaimer letter (*see Kokonis v Hanover Ins. Co.*, 279 AD2d 868, 870 [2001]; *see also Adames v Nationwide Mut. Fire Ins. Co.*, 55 AD3d 513, 515 [2008]). In any event, its disclaimer based on these exclusions was untimely as a matter of law (*see First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d 64, 66 [2003]).

Accordingly, since Endurance had no valid basis upon which to deny coverage, the Supreme Court should have granted the plaintiffs' motion for summary judgment declaring that it was obligated to defend and indemnify UWS in the underlying action.

The plaintiffs' remaining contention need not be reached in light of our determination.

Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Queens County, for the entry of a judgment, inter alia, declaring that Endurance is ob-

ligated to defend and indemnify UWS in the underlying action entitled *Orellana v Unified Window Sys., Inc.*, commenced in the Supreme Court, Kings County, under Index No. 17421/12. Rivera, J.P., Balkin, Barros and Brathwaite Nelson, JJ., concur.