■ GC CLINTON, LLC, Appellant, v LEADING INSURANCE GROUP INSURANCE Co., LTD. (UNITED STATES BRANCH), et al., Respondents. [57 NYS3d 400]—In an action to recover damages for breach of contract and for declaratory relief, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Bunyan, J.), dated July 29, 2015, as denied its motion for summary judgment on the complaint and for a declaration in its favor.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The defendant Leading Insurance Group Insurance Co., Ltd. (hereinafter Leading), issued a commercial insurance policy with respect to the plaintiff's residential rental property in Brooklyn. The policy lists the defendant Scottish American Insurance General Agency, Inc., formerly known as Buckingham Badler Associates, Inc. (hereinafter Buckingham), as the agent. According to the plaintiff, the defendant Omni Agency, Inc. (hereinafter Omni), was the plaintiff's broker.

On March 26, 2013, Leading issued a notice of cancellation of insurance for nonpayment of premium and mailed that notice to Buckingham. After the purported cancellation date, there was a fire on the top floor of the plaintiff's building. The plaintiff commenced this action, seeking, inter alia, a declaratory judgment regarding coverage and damages for breach of contract. The plaintiff moved for summary judgment, contending that Leading failed to comply with the requirement set forth in Insurance Law § 3426 that the notice of cancellation be mailed or delivered to the insured's "authorized agent or broker," and therefore, the policy was not effectively cancelled.

The plaintiff made a prima facie showing that mailing the notice of cancellation to Buckingham, rather than Omni, did not satisfy the requirement set forth in Insurance Law § 3426 that notice be mailed or delivered to the insured's "authorized agent or broker." However, in opposition, Leading raised triable issues of fact, inter alia, as to whether Buckingham was the "authorized agent or broker" (*see Longobardi v New York Merchant Bakers Mut. Fire Ins. Co.*, 238 AD2d 387, 388 [1997]; *cf. Unified Window Sys., Inc. v Endurance Am. Specialty Ins.*

Co., 149 AD3d 1009 [2017]; *Holowacz v Insurance Corp. of N.Y.*, 27 AD3d 621, 622 [2006]).

The parties' remaining contentions need not be addressed in light of our determination.

Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the complaint and for a declaration in its favor. Rivera, J.P., Chambers, Maltese and Barros, JJ., concur.