American Empire Surplus Lines Ins. Co. v L&G Masonry Corp. (2021 NY Slip Op 02736)





American Empire Surplus Lines Ins. Co. v L&G Masonry Corp.


2021 NY Slip Op 02736


Decided on May 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 04, 2021

Before: Gische, J.P., Mazzarelli, Oing, González, JJ. 


Index No. 652695/18 Appeal No. 13735&[M-791] Case No. 2020-02632 

[*1]American Empire Surplus Lines Insurance Company, Plaintiff-Appellant-Respondent,
v
L&G Masonry Corp., et al., Defendants, St. Augustine Apartments LLC, et al., Defendants-Respondents-Appellants. Excess Line Association of New York, Amicus Curiae.


L'Abbate, Balkan, Colavita & Contini, LLP, Garden City (Maureen E. O'Connor of counsel), for appellant-respondent.
Baxter Smith & Shapiro, P.C., Hicksville (Bryan R. Forbes of counsel), for St. Augustine Apartments LLC, respondent-appellant.
Schnader Harrison Segal & Lewis, LLC, New York (Bruce M. Strikowsky of counsel), for Mega Contracting Group, LLC, respondent-appellant.
Locke Lord LLP, New York (Jeffrey S. Kramer of counsel), for amicus curiae.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered May 26, 2020, which, to the extent appealed from, denied plaintiff's motion for a judgment declaring that L&G Masonry Corp. and D and G Masonry Corp.'s failure to submit to a premium audit will result in the vitiation of their coverage under the underlying policies, and denied defendants St. Augustine Apartments LLC's and Mega Contracting Group, LLC's motions for costs and attorneys' fees associated with the defense of this action, unanimously modified, on the law, to grant St. Augustine and Mega Contracting Group's motions, and otherwise affirmed, without costs.
The first named insured's failure to submit to a premium audit is not in this case a sufficient basis for the vitiation of coverage (see generally Unigard Sec. Ins. Co. v North Riv. Ins. Co., 79 NY2d 576, 581 [1992]). Plaintiff identified no language in the contract indicating that the failure to submit to a premium audit was a condition of coverage. Contrary to plaintiff's contention, the failure to submit to a premium audit is not analogous to an insured's willful failure to cooperate with the insurer's investigation of a claim (see Levy v Chubb Ins., 240 AD2d 336, 337 [1st Dept 1997]). Moreover, plaintiff did not demonstrate that it had validly canceled the insurance policy previously (see generally Unified Window Sys., Inc. v Endurance Am. Specialty Ins. Co., 149 AD3d 1009, 1010 [2d Dept 2017], lv dismissed 30 NY3d 1085 [2018]).The insurance contract at issue provided specific notice requirements for plaintiff for cancelling the policy, and plaintiff did not cancel it before the underlying claims arose. Given the foregoing, we do not reach plaintiff's arguments concerning whether the policy should be subject to 11 NYCRR 161.10.
St. Augustine and Mega are entitled to attorneys' fees. Contrary to plaintiff's contention, these insureds were cast in a defensive posture by the legal steps taken by plaintiff in an effort to free itself of its policy obligations, and they prevailed on the merits (see U.S. Underwriters Ins. Co. v City Club Hotel, LLC, 3 NY3d 592, 597 [2004]). While plaintiff withdrew the part of its motion seeking summary judgment as against these additional insureds, it named them in the complaint and sought a declaration that it was not required to defend or indemnify them. M-791 - American Empire Surplus Lines Ins. Co. v L&G Masonry Corp.
Motion by the Excess Line Association of New York for leave to file an amicus curiae brief granted. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 4, 2021