## Burlington Ins. Co. v Mordini Estates Inc

2024 NY Slip Op 32584(U)

July 26, 2024

Supreme Court, New York County

Docket Number: Index No. 651940/2018

Judge: Nancy M. Bannon

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. NANCY M. BANNON                    PART               61M

*Justice*

-------------------------------------------------------------------------------X

THE BURLINGTON INSURANCE COMPANY,

Plaintiff,

- v —

MORDINI ESTATES INC, PARRILLADAS SUNRISE BAR
CORP., UTICA FIRST INSURANCE COMPANY,

Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 651940/2018 |
| MOTION DATE | |
| MOTION SEQ. NO. | 008 009 010 |

**DECISION, ORDER
and JUDGMENT**

The following e-filed documents, listed by NYSCEF document number (Motion 008) 351, 352, 353, 354, 361, 362, 363, 364, 365, 366, 367, 368, 369, 370, 371, 379, 382, 383, 386, 387, 388, 389, 390, 393, 398, 399, 400, 401, 402, 403, 404, 405, 406, 407, 408, 409, 410, 411, 412, 413, 414, 415, 416, 417, 418, 419, 420, 421, 422, 423, 424, 425, 426, 427, 428, 429, 430, 431, 432, 433, 434, 435, 436, 437, 438, 439, 440, 441, 442, 443, 444, 445, 446, 447, 448, 449, 450, 451, 452, 453, 454, 455, 456, 457, 458, 459, 460, 461, 462, 463, 464, 465, 466, 467, 468, 469, 470, 471, 472, 473, 474, 477, 478, 479, 480, 482, 483

were read on this motion to/for                        REARGUMENT/RECONSIDERATION                .

The following e-filed documents, listed by NYSCEF document number (Motion 008) 351, 352, 353, 354, 361, 362, 363, 364, 365, 366, 367, 368, 369, 370, 371, 379, 382, 383, 386, 387, 388, 389, 390, 393, 398, 399, 400, 401, 402, 403, 404, 405, 406, 407, 408, 409, 410, 411, 412, 413, 414, 415, 416, 417, 418, 419, 420, 421, 422, 423, 424, 425, 426, 427, 428, 429, 430, 431, 432, 433, 434, 435, 436, 437, 438, 439, 440, 441, 442, 443, 444, 445, 446, 447, 448, 449, 450, 451, 452, 453, 454, 455, 456, 457, 458, 459, 460, 461, 462, 463, 464, 465, 466, 467, 468, 469, 470, 471, 472, 473, 474, 477, 478, 479, 480, 482, 483

were read on this motion to/for                RENEW/REARGUE/RESETTLE/RECONSIDER    .

The following e-filed documents, listed by NYSCEF document number (Motion 009) 357, 358, 359, 360, 380, 381, 391, 394, 396, 397, 484

were read on this motion to/for                        REARGUMENT/RECONSIDERATION                .

The following e-filed documents, listed by NYSCEF document number (Motion 010) 372, 373, 374, 375, 376, 377, 378, 384, 385, 392, 395, 475, 476, 485

were read on this motion to/for                RENEW/REARGUE/RESETTLE/RECONSIDER    .

## BACKGROUND

This declaratory judgment action concerns the parties' respective obligations,

relationships, and responsibilities in connection with insurance coverage for an underlying

651940/2018  BURLINGTON INSURANCE vs. MORDINI ESTATES INC                        Page 1 of 12
Motion No.  008 008 009 010

1 of 12

[* 1]

personal injury action entitled *Rosales v Parrilladas Sunrise Bar Corp.*, Sup Ct, Kings County, Index No. 510350/17 (the "underlying action"). The plaintiff in the underlying action, David Rosales, was injured in a trip and fall accident outside a store owned by defendant Mordini Estates Inc. ("Mordini") and leased to defendant Parrilladas Sunrise Bar Corp. ("Parrilladas"). Rosales brought the underlying action against Mordini and Parrilladas alleging that his accident and resulting injuries were caused by their negligence. Mordini was provided a defense in the underlying action by its insurance carrier and the plaintiff herein, Burlington Insurance Company ("Burlington"). The court in the underlying action granted summary judgment to both Mordini and Parrilladas and dismissed Rosales's complaint based on undisputed evidence demonstrating that Rosales tripped over a tree stump in a sidewalk tree well, which the City of New York was solely responsible for maintaining as a matter of law, and that neither Mordini nor Parrilladas created the dangerous condition of the tree well, repaired or altered the tree well, or otherwise caused the dangerous condition of the tree well to occur. See Fernandez v 707, Inc., 85 AD3d 539, 539 (1st Dept. 2011).

While the underlying action was still pending, Burlington commenced this action seeking rescission of the insurance policy it issued to Mordini and a declaration that it is not obligated to defend or indemnify Mordini in the underlying action, based on an alleged material misrepresentation in Mordini's application for insurance. Alternatively, Burlington sought a declaration that it is entitled to reimbursement from defendants Utica First Insurance Company ("Utica") and/or Parrilladas for the defense costs it incurred in the underlying action because (i) Utica is obligated to defend and indemnify Mordini as an additional insured for the underlying action under the insurance policy it issued to Parrilladas, and (ii) by virtue of the contractual indemnity obligations that Parrilladas owed Mordini under their Lease[1] agreement. Burlington, also sought a determination that it was subrogated to Mordini's rights, and, on the basis of said subrogation, further asserted a breach of contract claim against Parrilladas for failure to procure additional insured coverage for Mordini.

By Decision and Order dated April 28, 2023 (the "Prior Order"), the court denied the summary judgment motions filed, pursuant to CPLR 3212, by each of the parties herein (MOT SEQ 004 [Parrilladas], 005 [Mordini], 006 [Utica], 007 [Burlington]). The court found that there were issues of fact as to (i) whether Mordini is an additional insured for the underlying action

---

[1] Capitalized terms, unless otherwise defined, have the same meaning as in the court's prior Decision and Order dated April 28, 2023.

**651940/2018 BURLINGTON INSURANCE vs. MORDINI ESTATES INC**
**Motion No. 008 008 009 010**

**Page 2 of 12**

under the Utica First Policy; and (ii) whether Mordini made material misrepresentations in his application for insurance from Burlington. The court assumes the parties' familiarity with the Prior Order, including the relevant factual background set forth therein.

Each of the parties now moves, pursuant to CPLR 2221(d), for leave to reargue its prior summary judgment motion. Burlington moves, and Utica cross-moves, under MOT SEQ 008, Mordini moves under MOT SEQ 009, and Parrilladas moves under MOT SEQ 010. Each of the motions is opposed. The motions are granted for the reasons stated below.

DISCUSSION

Leave to reargue may be granted where, as here, the movant demonstrates that the court overlooked or misapprehended any facts or relevant law presented to it in the prior motion. See CPLR 2221(d)(2); William P. Pahl Equip. Corp. v Kassis, 182 AD2d 22, 27 (1st Dept. 1992).

A. Burlington's and Utica's Motions

The court denied Burlington's and Utica's summary judgment motions (MOT SEQ 007 and 006, respectively) because it found that there was a triable issue of fact as to whether Mordini is an additional insured for the underlying action under the Utica First Policy, noting that the underlying action was dismissed on summary judgment based on the determination that neither Mordini nor Parrilladas in any way caused or was legally liable for Rosales's injuries. However, the ultimate resolution of the underlying action is irrelevant with respect to Utica's duty to defend Mordini as an additional insured, and thus to Burlington's entitlement to reimbursement from Utica for the defense costs it incurred on Mordini's behalf.

"An insurer's duty to defend is liberally construed and is broader than the duty to indemnify, 'in order to ensure [an] adequate . . . defense of [the] insured,' without regard to the insured's ultimate likelihood of prevailing on the merits of a claim." Fieldston Prop. Owners Ass'n, Inc. v Hermitage Ins. Co., 16 NY3d 257, 264 (2011), quoting General Motors Acceptance Corp. v Nationwide Ins. Co., 4 NY3d 451, 456 (2005). "[An] insurer's duty to defend its insured 'arises whenever the allegations in a complaint state a cause of action that gives rise to the reasonable possibility of recovery under the policy.'" Id., quoting Fitzpatrick v American Honda Motor Co., 78 NY2d 61, 65 (1991); see BP Air Conditioning Corp. v One Beacon Ins. Group, 8 NY3d 708, 714 (2007); Port Auth. of New York & New Jersey v Brickman Grp. Ltd., LLC, 181 AD3d 1, 20 (1st Dept. 2019). "'If, liberally construed, the claim is within the embrace of the

**651940/2018   BURLINGTON INSURANCE vs. MORDINI ESTATES INC**          **Page 3 of 12**
**Motion No.  008 008 009 010**

3 of 12

[* 3]

policy, the insurer must come forward to defend its insured no matter how groundless, false, or baseless the suit may be.'" Automobile Ins. Co. of Hartford v Cook, 7 NY3d 131, 137 (2006), quoting Ruder & Finn v Seaboard Sur. Co., 52 NY2d 663, 670 (1981). Indeed, "[t]he duty remains 'even though facts outside the four corners of [the] pleadings indicate that the claim may be meritless or not covered[,]'" and "an insurer may be required to defend under the contract even though it may not be required to pay once the litigation has run its course." Id., quoting Fitzpatrick v American Honda Motor Co., supra at 63.

Here, Burlington submits a copy of the Utica First Policy which, by its express terms, obligates Utica to defend its insured in any lawsuit "seeking 'damages' for 'bodily injury' . . . which may be covered under the Commercial Liability Coverage even if the allegations of the suit are false, groundless, or fraudulent." The "Additional Insured Lessor of Premises" endorsement in the Utica First Policy further provides that additional insured coverage is extended to Mordini "with respect to [Mordini's] liability for 'bodily injury' . . . (a) for which [Parrilladas] [is] legally liable, and (b) [that is] caused, in whole or in part by [Parrilladas's] acts or omissions or the acts or omissions of those acting on [Parrilladas's] behalf . . . ." Burlington also submits a copy of the complaint in the underlying action, which alleges, *inter alia*, that Rosales's injuries were caused by the negligence of Parrilladas—an allegation that, if proven, would have placed the loss squarely within the scope of the Utica First Policy's additional insured coverage, and thus "g[ave] rise to the reasonable possibility of recovery under the policy." Fieldston Prop. Owners Ass'n, Inc. v Hermitage Ins. Co., supra.

Therefore, Burlington's motion and Utica's cross-motion (MOT SEQ 008) for leave to reargue are granted. Upon reargument, Burlington's summary judgment motion (MOT SEQ 007) and Utica's summary judgment motion (MOT SEQ 006) are both granted in part.

It is well settled that the proponent of a motion for summary judgment must make a *prima facie* showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any triable issues of fact. See Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 (1985). In opposition, the nonmoving party must demonstrate by admissible evidence the existence of a triable issue of fact. See Alvarez v Prospect Hospital, 68 NY2d 320 (1986); Zuckerman v City of New York, 49 NY2d 557 (1980).

As already discussed above, Burlington's submissions demonstrate that the allegations of the complaint in the underlying action, if proven, would have placed Rosales's injury squarely

651940/2018  BURLINGTON INSURANCE vs. MORDINI ESTATES INC
Motion No.  008 008 009 010

Page 4 of 12

4 of 12

within the scope of the Utica First Policy's additional insured coverage, and thus "g[ave] rise to the reasonable possibility of recovery under the policy," thereby triggering Utica's duty to defend Mordini as an additional insured. Fieldston Prop. Owners Ass'n, Inc. v Hermitage Ins. Co., supra. Moreover, as noted in the Prior Order, the Burlington Policy expressly states that its coverage is excess over "[a]ny other primary insurance available to you . . . for which you have been added as an additional insured[.]" The Utica First Policy, in turn, provides that its additional insured coverage "is primary except as provided under paragraph 5.c. below, or unless otherwise stated." None of the instances in paragraph 5.c. apply and nowhere in the Utica First Policy does it state that coverage is not primary. Burlington has thus demonstrated, prima facie, that if applicable, the coverage afforded to Mordini as an additional insured under the Utica First Policy is primary (see Tishman Constr. Corp. of N.Y. v Am. Mfrs. Mut. Ins. Co., 303 AD2d 323, 324 [1st Dept. 2003]), and that, at least with respect to the duty to defend, Mordini is an additional insured for the underlying action under the Utica First Policy.

Utica fails to raise a triable issue of fact or otherwise demonstrate that Burlington is not entitled to judgment as a matter of law in this regard. Utica submits a copy of its claims file for Rosales's injury, which contains notes demonstrating that Utica's investigation accurately determined as early as March or April 2015 that Rosales was injured when he tripped over a tree stump in a sidewalk tree well. It also submits a copy of Rosales's deposition testimony in the underlying action, confirming the cause of his injury. Relying on these submissions, Utica argues that it properly disclaimed coverage for Mordini with respect to the underlying action because it correctly determined that Parrilladas did not in any way cause and was not legally liable for injuries resulting from a trip over a sidewalk tree well, for which the City of New York was exclusively responsible. However, as already discussed, Utica's duty to defend was triggered by virtue of the allegations of the complaint in the underlying action, and "[t]he duty remains 'even though facts outside the four corners of [the] pleadings indicate that the claim may be meritless or not covered.'" Automobile Ins. Co. of Hartford v Cook, supra, quoting Fitzpatrick v American Honda Motor Co., supra at 63.

Utica similarly contends that the summary judgment decision in the underlying action relieves it of any obligation to reimburse Burlington for defense costs incurred on Mordini's behalf because that decision established that the conditions for additional insured coverage under the Utica First Policy are not satisfied. However, the fact that the court in the underlying action ultimately determined that neither Parrilladas nor Mordini caused or was legally liable for

651940/2018  BURLINGTON INSURANCE vs. MORDINI ESTATES INC                    Page 5 of 12
Motion No.  008 008 009 010

5 of 12

Rosales's injuries does not relieve Utica of its obligation to reimburse Burlington for the defense costs that Utica itself should rightly have borne once its duty to defend was triggered. See Automobile Ins. Co. of Hartford v Cook, supra; Fitzpatrick v American Honda Motor Co., supra at 63; Ruder & Finn v Seaboard Sur. Co., supra; Port Auth. of New York & New Jersey v Brickman Grp. Ltd., LLC, supra at 20-22 (holding that insurer remained obligated to reimburse defense costs of additional insured where duty to defend was triggered even though ultimate resolution of underlying action had already established that the subject claim was not covered).

Therefore, Burlington's summary judgment motion (MOT SEQ 007) is granted and Utica's summary judgment motion (MOT SEQ 006) is denied to the extent they seek judgment in their favor on Burlington's fourth cause of action and Utica's second and third counterclaims, Utica's motion is further denied to the extent is seeks judgment in its favor on its tenth, twelfth, fourteenth, and fifteenth cross-claims, and Burlington is entitled to a declaration that: (i) Utica was obligated to defend Mordini as an additional insured on the Utica First Policy with respect to the claims in the underlying action, and (ii) Utica is therefore obligated to reimburse Burlington for the defense costs it incurred on Mordini's behalf.

Both Burlington and Utica also sought summary judgment as to the various claims, counterclaims, and cross-claims asserted by or against them arising from the Lease between Mordini and Parrilladas. Their entitlement to judgment in their favor as to these claims, counterclaims, and cross-claims rise or fall with Parrilladas's liability for allegedly breaching the Lease's insurance and indemnification provisions, discussed in the next section below.

B. Parrilladas's Motion

Parrilladas sought summary judgment dismissing all claims and cross-claims asserted against it (MOT SEQ 004). Those claims and cross-claims all relate to Parrilladas's contractual indemnity obligations under the Lease with Mordini and/or Parrilladas's alleged breach of the Lease by purportedly failing to obtain additional insured coverage for Mordini. The Prior Order did not address the claims asserted against Parrilladas but nevertheless denied its summary judgment motion. In doing so, the court overlooked or misapprehended the facts of this matter, which establish Parrilladas's entitlement to summary judgment.

Therefore, Parrilladas's motion for leave to reargue (MOT SEQ 010) is granted. Upon reargument, Parrilladas's motion for summary judgment (MOT SEQ 004) is granted.

651940/2018   BURLINGTON INSURANCE vs. MORDINI ESTATES INC
Motion No.  008 008 009 010

Page 6 of 12

Parrilladas contends it has not breached the Lease's insurance provisions and that the conditions necessary to trigger its contractual indemnity obligations under the Lease have not been satisfied. The Lease contains insurance provisions that required Parrilladas to obtain, *inter alia*, insurance for the Premises providing coverage against liability arising from bodily injury, with an endorsement naming Mordini as an additional insured. The Lease also contains an indemnification provision which provides, in pertinent part, that:

> Tenant shall indemnify and save harmless Owner against and from all liabilities, obligations, damages, penalties, claims, costs and expenses for which Owner shall not be reimbursed by insurance, including reasonable attorney's fees, paid, suffered or incurred as a result of any breach by Tenant, Tenant's agent, contractors, employees, invitees, or licensees, of any covenant or condition of this lease, or the carelessness, negligence or improper conduct of the Tenant, Tenant's agent, contractors, employees, invitees or licensees. . . . In case any action or proceeding is brought against Owner by reason of any such claim, Tenant, upon written notice from Owner, will, at Tenant's expense, resist or defend such action or proceeding . . . .

In addition to the Lease, Parrilladas also relies upon the Utica First Policy, which expressly includes Mordini in its schedule of designated additional insureds, and the summary judgment decision in the underlying action determining, *inter alia*, that Parrilladas in no way caused Rosales's injury.

"'Generally, the courts bear the responsibility of determining the rights or obligations of parties under insurance contracts based on the specific language of the policies.'" Gilbane Bldg. Co./TDX Const. Corp. v St. Paul Fire & Marine Ins. Co., 143 AD3d 146, 151 (1st Dept. 2016), quoting State of New York v Home Indem. Co., 66 NY2d 669, 671 (1985). "'[W]ell-established principles governing the interpretation of insurance contracts . . . provide that the unambiguous provisions of an insurance policy, as with any written contract, must be afforded their plain and ordinary meaning, and that the interpretation of such provisions is a question of law for the court.'" Id., quoting Broad St., LLC v Gulf Ins. Co., 37 AD3d 126, 130–31 (1st Dept. 2006); see Greenfield v Philles Records, Inc., 98 NY2d 562, 569 (2002); Greater N.Y. Mut. Ins. Co. v United States Underwriters Ins. Co., 36 AD3d 441, 442 (1st Dept. 2007).

Here, Parrilladas's submissions demonstrate that it has not breached either the insurance or indemnification provisions of the Lease. Parrilladas did not fail to obtain the

**651940/2018   BURLINGTON INSURANCE vs. MORDINI ESTATES INC**                           **Page 7 of 12**
**Motion No.  008 008 009 010**

7 of 12

additional insured coverage required by the Lease, as demonstrated by the Utica First Policy's express inclusion of Mordini in its schedule of additional insureds. Nor has Parrilladas breached its obligation to defend and indemnify Mordini, as the claim in the underlying action did not result from "any breach . . . of any covenant or condition" of the Lease or from "the carelessness, negligence or improper conduct" of Parrilladas or those acting on its behalf. Moreover, even if either of these conditions were satisfied, the only "liabilities, obligations, damages, penalties, claims, costs and expenses . . . paid, suffered or incurred" by Mordini in the underlying action are the costs of its defense, which was paid by insurance, thereby removing those costs from the scope of Parrilladas's indemnification obligation pursuant to the express terms of the Lease.

Therefore, Parrilladas's summary judgment motion (MOT SEQ 004) seeking judgment in its favor on Burlington's sixth, seventh and eighth causes of action, as well as Mordini's first and second cross-claims, is granted, and Parrilladas is entitled to a declaration that it was not contractually obligated to defend Mordini in the underlying action and is not obligated to reimburse either Burlington or Mordini for defense costs incurred in the underlying action or for attorney's fees incurred in this action.

For the same reasons just discussed above in connection with Parrilladas's motion, Burlington's summary judgment motion (MOT SEQ 007) is denied and Utica's summary judgment motion (MOT SEQ 006) is granted to the extent they seek judgment in their favor on Burlington's fifth, sixth, seventh, and eighth causes of action, Utica's motion is further granted to the extent it seeks judgment in its favor on Mordini's third and fourth cross-claims, and Utica is entitled to a declaration that it is not obligated to reimburse Burlington for attorney's fees incurred in this action.

C. Mordini's Motion

The court denied Mordini's summary judgment motion (MOT SEQ 005), which principally sought the dismissal of Burlington's causes of action against it, because it found that there was a triable issue of fact as to whether Mordini made a material misrepresentation in its application for insurance from Burlington—Mordini represented that the subject premises was vacant despite having already executed the Lease with Parrilladas, though the premises remained unoccupied at the time the insurance application was submitted. However, the court overlooked Mordini's presentation of evidence and caselaw demonstrating that Burlington is estopped from pursuing its claims against Mordini because it failed to promptly seek to rescind and/or avoid the Burlington Policy after becoming aware of Mordini's purported misrepresentation. It is well

**651940/2018 BURLINGTON INSURANCE vs. MORDINI ESTATES INC**
**Motion No. 008 008 009 010**

Page 8 of 12

8 of 12

[* 8]

settled that "[a]n insurer's failure to rescind a policy promptly after obtaining sufficient knowledge of alleged misrepresentations by an insured constitutes ratification of the policy." U.S. Life Ins. Co. in City of New York v Blumenfeld, 92 AD3d 487, 488 (1st Dept. 2012); see Sumitomo Marine & Fire Ins. Co. v. Cologne Reinsurance Co. of America, 75 NY2d 295, 304 (1990) (insurer must assert "alleged right to rescission within a reasonable time"); ZZZ Carpentry, Inc. v Mt. Hawley Ins. Co., 225 AD3d 562, 563 (1st Dept. 2024) (insurer "waived its right to rescind the policy after it unreasonably delayed asserting a claim for recission"); Zeldman v Mutual Life Ins. Co. of N.Y., 269 AD 53, 56 (1st Dept. 1945) ("Upon receipt of [actual or constructive] knowledge during the lifetime of the insured of breach of condition, the insurer, if it desires so to do, must promptly exercise its election to void the policy.").

Here, it is undisputed that, prior to the commencement of this matter in April 2018, Burlington took no action to rescind the Burlington Policy based on Mordini's purported misrepresentation nor did it seek to disclaim coverage for the underlying action on that basis. However, Mordini's submissions, including an affidavit from its President, Angelo Mordini, and Burlington's claims file with respect to Rosales's personal injury claim, establish that Burlington had knowledge of the Lease, and thus of Mordini's purported misrepresentation, in February 2015, more than three years earlier. Upon being notified by Mordini, in February 2015, of Rosales's accident, Burlington immediately undertook a "coverage review" and investigation of the underlying claim. Notably, an entry in Burlington's claims file dated February 6, 2015, notes that the Burlington Policy described the subject premises as "vacant building" and states "Issues: Need to confirm if loss location is a vacant building." Angelo Mordini avers in his affidavit that, within a few days of notifying Burlington of Rosales's claim, he advised Burlington of the Lease and the identity of Parrilladas, and shortly thereafter provided Burlington a copy of the Lease. Similarly, entries in Burlington's claims file dated February 10, 2015, and February 12, 2015, indicate that claims examiners spoke with Mordini about "what sort of business/building is at [the] loss location" and were examining whether Rosales's claim might be subject to other insurance, noting that Mordini may be "AI [additional insured] on tenant's policy". Indeed, Burlington does not dispute that it was provided a copy of the Lease sometime in February 2015. Mordini also submits a copy of Burlington's reservation of rights letter, dated February 18, 2015, which references the Lease but neither claims that Mordini made any misrepresentation to Burlington in procuring the Burlington Policy nor includes a specific reservation of rights on that basis.

**651940/2018   BURLINGTON INSURANCE vs. MORDINI ESTATES INC**
**Motion No.  008 008 009 010**

Page 9 of 12

9 of 12

Therefore, Mordini's motion for leave to reargue (MOT SEQ 009) is granted and, upon reargument, its summary judgment motion (MOT SEQ 005) is likewise granted. As just discussed, Mordini's submissions conclusively demonstrate that Burlington knew of the Lease, and thus of Mordini's purported misrepresentation, in February 2015, but did not disclaim or seek to rescind or avoid the Burlington policy until the commencement of this action more than three years later, in April 2018. Burlington's failure to act "promptly" in seeking to rescind or avoid the Burlington Policy after it had sufficient knowledge of potential material misrepresentations warranting recission "constituted a ratification of the policy and a waiver of its right to rescind." U.S. Life Ins. Co. in City of New York v Blumenfeld, supra at 488, 490 (holding that insurer failed to act promptly based on one-year delay); see ZZZ Carpentry, Inc. v Mt. Hawley Ins. Co., supra. Burlington fails to raise any triable issues of fact in opposition. Mordini's is thus entitled to summary judgment in its favor on Burlington's first, second, and third causes of action.

Mordini is further entitled to summary judgment on its counterclaim against Burlington for its attorney's fees in this action, as it is well settled that "an insured who is 'cast in a defensive posture by the legal steps an insurer takes in an effort to free itself from its policy obligations,' and who prevails on the merits, may recover attorneys' fees incurred in defending against the insurer's action." U.S. Underwriters Ins. Co. v City Club Hotel, LLC, 3 NY3d 592, 597-98 (2004), quoting Mighty Midgets, Inc. v Centennial Ins. Co., 47 NY2d 12, 21-22 (1979); see Am. Empire Surplus Lines Ins. Co. v L&G Masonry Corp., 194 AD3d 401, 402 (1st Dept. 2021). However, Mordini has not submitted any proof to demonstrate the amount of fees incurred. As such, Mordini may submit supplemental papers within 60 days.

CONCLUSION

Accordingly, upon the foregoing papers, it is

ORDERED that the parties' motions for leave to reargue MOT SEQ 004, 005, 006, and 007 (MOT SEQ 008, 009, 010 and cross-motion on MOT SEQ 008) are granted, and, upon reargument, the court vacates its prior order, dated April 28, 2023, which denied MOT SEQ 004, 005, 006, and 007, and grants the following relief; and it is further

ORDERED that MOT SEQ 004 and MOT SEQ 005 are granted, Burlington Insurance Company's first, second, third, sixth, seventh, and eighth causes of action and Mordini Estates,

**651940/2018 BURLINGTON INSURANCE vs. MORDINI ESTATES INC**
**Motion No. 008 008 009 010**

**Page 10 of 12**

10 of 12

[* 10]

Inc.'s second cross-claim are dismissed, and Mordini Estates, Inc. is awarded judgment as to liability on its counterclaim against Burlington Insurance Company for attorneys' fees incurred in this action; and it is further

ORDERED that MOT SEQ 006 is granted to the extent it seeks judgment in favor of Utica First Insurance Company on Burlington Insurance Company's fifth, sixth, seventh, and eighth causes of action and Mordini Estates, Inc. third and fourth cross-claims, Burlington Insurance Company's fifth cause of action and Mordini Estate's, Inc.'s third and fourth cross-claims are dismissed, and the motion is otherwise denied; and it is further

ORDERED that MOT SEQ 007 is granted to the extent it seeks judgment in favor of Burlington Insurance Company on its fourth cause of action and Utica First's Insurance Company's second and third counterclaims, Utica First's Insurance Company's second and third counterclaims are dismissed, and the motion is otherwise denied; and it is further

ADJUDGED and DECLARED that Utica First Insurance Company was obligated to defend Mordini Estate's, Inc. on a primary basis as an additional insured on the Utica First Policy with respect to the claims in the underlying action, and that Utica First Insurance Company is obligated to reimburse Burlington Insurance Company for the defense costs Burlington Insurance Company incurred on behalf of Mordini Estates, Inc. in the underlying action; and it is further

ADJUDGED and DECLARED that Parrilladas Sunrise Bar Corp. was not contractually obligated to defend or indemnify Mordini Estates, Inc. in connection with the underlying action and is not obligated to reimburse either Burlington Insurance Company or Mordini Estates, Inc. for defense costs incurred in the underlying action; and it is further

ADJUDGED and DECLARED that neither Utica First Insurance Company nor Parrilladas Sunrise Bar Corp. is obligated to reimburse either Burlington Insurance Company or Mordini Estates, Inc. for attorneys' fees incurred in this action; and it is further

ORDERED that Mordini Estates, Inc. shall file supplemental papers, within sixty (60) days of the date of this order, to establish the amount of its reasonable attorneys' fees, and shall

**651940/2018  BURLINGTON INSURANCE vs. MORDINI ESTATES INC**
**Motion No.  008 008 009 010**

Page 11 of 12

11 of 12

provide notice to the court of any such filing by emailing the Part 61 Clerk at SFC-Part61-Clerk@nycourts.gov; and it is further

ORDERED that the Clerk shall mark the file accordingly.

This constitutes the Decision and Order of the court.

2024072621684 9NBANN0N56262EE8C0724C8A9FC983149889732

__7/26/2024__
__DATE__

__NANCY M. BANNON, J.S.C.__

| CHECK ONE: | | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | X | GRANTED | | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

__651940/2018  BURLINGTON INSURANCE vs. MORDINI ESTATES INC__
__Motion No.  008 008 009 010__

Page 12 of 12

12 of 12